1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA McGUINNESS, Esq. (SBN 159420)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA 94612
   Telephone: 510/832-5001
4  Facsimile:  510/832-4787
   reinlawoffice@aol.com
5
   Attorneys for Plaintiff
6  ARMANDO RODRIGUEZ

7  KATHLEEN FINNERTY, Esq. (SBN 157638)
   MARC KOENIGSBERG, Esq. (SBN 204265)
8  GREENBERG TRAURIG, LLP
   1201 K Street, Suite 1100
9  Sacramento, CA 95814-3938
   916/442-1111
10 916/448-1709 fax
   finnertyk@gtlaw.com
11 koenigsbergm@gtlaw.com

12 Attorneys for defendant
   LIVE NATION WORLDWIDE, INC.
13

14                     IN THE UNITED STATES DISTRICT COURT
15
                 IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
16

17
   ARMANDO RODRIGUEZ,                    Case No. 09-2567 MHP
18                                        Civil Rights
        Plaintiff,
19

20 v.                                     STIPULATION AND [PROPOSED]
                                          ORDER APPROVING COURT
21                                        ENFORCEABLE SETTLEMENT
   LIVE NATION WORLDWIDE,                 AGREEMENT AS TO DEFENDANT
22 INC.; BERKELEY UNIFIED                 LIVE NATION WORLDWIDE,
   SCHOOL DISTRICT; and DOES 1-           INC., ONLY
23 10, Inclusive,

24      Defendants.
                                    /
25

26                                  **RECITAL**

27      1.      This case involves alleged violations of the Americans with

28 Disabilities Act and supplemental state law claims based on policies and alleged

FILED

SEP - 2 2010

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

STIPULATION AND [PROPOSED] ORDER APPROVING COURT
ENFORCEABLE SETTLEMENT AGREEMENT AS TO
DEFENDANT LIVE NATION WORLDWIDE, INC., ONLY
CASE NO. C09-2567 MHP                    S:\CASES\L\LIVE NATION\PLEADINGS\Stipulation and Order Approving Settlement.wpd

1    architectural barriers at the Berkeley Community Theater, located at 1930 Alston
2    Way, Berkeley, California.

3    2.    The defendants are Berkeley Unified School District (BUSD), owner
4    of the public accommodation, and Live Nation Worldwide, Inc., an operator of
5    the public accommodation at the time of plaintiff's alleged injuries.

6    3.    Plaintiff Armando Rodriguez and defendant Live Nation Worldwide,
7    Inc., have reached agreement on plaintiff's claims for injunctive relief involving
8    the policies and procedures of defendant Live Nation Worldwide, Inc, only. The
9    Court Enforceable Settlement Agreement attached hereto as **Exhibit A**
10   memorializes this agreement. Plaintiff's injunctive relief claims against defendant
11   BUSD and plaintiff's damages and attorney fees claims against both defendants
12   remain unresolved.

13

14                        **STIPULATION**

15

16        Plaintiff Armando Rodriguez and defendant Live Nation Worldwide, Inc.,
17   hereby jointly stipulate and request through their attorneys of record that:

18   1.    The Court agree to retain jurisdiction over this case to enforce the
19         terms of the settlement agreement attached hereto as **Exhibit A,**
20         which specifies the injunctive relief to be performed by defendant
21         Live Nation Worldwide, Inc.

22   2.    The Court not dismiss any of the parties or claims until such time as
23         plaintiff's remaining claims for injunctive relief against BUSD, and
24         for damages and attorneys fees, litigation expenses and costs, against
25         both defendants are resolved.

26   This request is based on the following good cause:

27        a.    Each defendant in this case has control over different aspects of
28              plaintiff's claims for injunctive relief.  While defendant Live Nation

STIPULATION AND [PROPOSED] ORDER APPROVING COURT
ENFORCEABLE SETTLEMENT AGREEMENT AS TO
DEFENDANT LIVE NATION WORLDWIDE, INC., ONLY
CASE NO. C09-2567 MHP                    S:\CASES\L\LIVE NATION\PLEADINGS\Stipulation and Order Approving Settlement.wpd

1           Worldwide, Inc. has control over its policies and procedures when

2           operating at the subject premises, it has no control over the physical

3           premises.

4     b.    Court enforcement of the settlement agreement was material to the

5           parties' settlement agreement and part of the consideration given in

6           exchange for agreement.

7     c.    Settlement between plaintiff and defendant Live Nation Worldwide,

8           Inc. as to those aspects of injunctive relief over which defendant Live

9           Nation Worldwide, Inc. has control will save judicial resources and

10          prevent unnecessary increases in attorney fees, litigation expenses

11          and costs.

12

13

14

15 Dated: July 22, 2010          PAUL L. REIN
                         CELIA McGUINNESS

16                          LAW OFFICES OF PAUL L. REIN

17

18                          By:_____ /s/ Celia McGuinnesss
                              Attorneys for Plaintiff

19                          ARMANDO RODRIGUEZ

20

21 Dated: July 22, 2010          KATHLEEN FINNERTY, ESQ.
                         GREENBERG TRAURIG, LLP

22

23

24                          By:_____ /s/ Kathleen Finnerty
                              Attorneys for Defendant LIVE NATION
                         WORLDWIDE, INC.

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

STIPULATION AND [PROPOSED] ORDER APPROVING COURT
ENFORCEABLE SETTLEMENT AGREEMENT AS TO
DEFENDANT LIVE NATION WORLDWIDE, INC., ONLY
CASE NO. C09-2567 MHP                S:\CASES\L\LIVE NATION\PLEADINGS\Stipulation and Order Approving Settlement.wpd

2

1

**ORDER**

2

3          Pursuant to stipulation, and for good cause shown, the Court hereby retains

4     jurisdiction over this case in order to enforce the terms of the settlement

5     agreement attached hereto as **Exhibit A**, and ORDERS the injunctive relief

6     specified therein to be performed by defendant Live Nation Worldwide,

7     Inc.

8

9     IT IS SO ORDERED.

10

11

12

13    Dated: _____9/2____, 2010          _____

14                                        Honorable MARILYN HALL PATEL

15                                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

STIPULATION AND [PROPOSED] ORDER APPROVING COURT
ENFORCEABLE SETTLEMENT AGREEMENT AS TO
DEFENDANT LIVE NATION WORLDWIDE, INC., ONLY
CASE NO. C09-2567 MHP

S:\CASES\L\LIVE NATION\PLEADINGS\Stipulation and Order Approving Settlement.wpd

## SETTLEMENT AGREEMENT
## [AND PROPOSED ORDER]

Plaintiff, ARMANDO RODRIGUEZ ("Plaintiff"), and defendant LIVE NATION WORLDWIDE, INC. ("LIVE NATION"), enter into this Settlement Agreement and Proposed Order ("Settlement Agreement"), which shall be subject to court enforcement, as of July 16, 2010.

### RECITALS

1. Plaintiff filed a Complaint in this action on May 9, 2009, to obtain recovery of damages for his alleged discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against Defendants LIVE NATION and BERKELEY UNIFIED SCHOOL DISTRICT ("BUSD") (collectively, "Defendants") relating to the condition of their public accommodations and accessibility policies as of September 20, 2008, and continuing (the "Litigation"). Plaintiff has alleged that Defendant LIVE NATION violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to the facilities known as the Berkeley Community Theater, 1930 Alston Way, Berkeley, California.

2. LIVE NATION denies each and every allegation in the Complaint. By entering into this Settlement Agreement, LIVE NATION does not admit liability or fault as to any allegations in the Complaint. Plaintiff ARMANDO RODRIGUEZ and defendant LIVE NATION (collectively, "the parties,") hereby enter into this Settlement Agreement and Order for the purpose of resolving the injunctive relief aspect of the Litigation as to LIVE

-1-

NATION only, without the need for protracted litigation and without the admission of any liability. This Settlement Agreement is in no way intended to affect Plaintiff's rights or remedies against defendant BUSD, against whom the Litigation is continuing.

## JURISDICTION:

3. The parties to this Settlement Agreement agree that the Court has and shall retain jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.,* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. To avoid the cost, expense, and uncertainty of protracted litigation, Plaintiff and LIVE NATION agree to entry of this Settlement Agreement to resolve any and all claims for injunctive relief which were or could have been asserted against LIVE NATION in this Litigation. Issues of damages, and attorney fees, litigation expenses, and costs have not yet been resolved and will be the subject of further negotiation and/or litigation.

WHEREFORE, the parties to this Settlement Agreement hereby agree and stipulate to the Court's entry of Dismissal of the Litigation as to LIVE NATION, with prejudice, in exchange for the following terms, which shall be enforceable by this Court:

## SETTLEMENT OF INJUNCTIVE RELIEF:

5. This Settlement Agreement shall be a full, complete, and final disposition and settlement of Plaintiff's claims against defendant LIVE NATION for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of

the ADA and/or California civil rights laws, and this Settlement Agreement and Order shall not be construed as such.

6.  The parties agree and stipulate that LIVE NATION's practices and policies will comply with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Settlement Agreement and Order.

7.  **Remedial Measures:**

    a.  Defendant will institute written policies for providing access to mobility impaired disabled patrons at events produced or promoted by LIVE NATION in California within thirty days of signing this Settlement Agreement. LIVE NATION will provide training on these policies to all pertinent, current LIVE NATION employees within 90 days of instituting such policies. LIVE NATION will provide training for all pertinent new employees on such policies not later than 14 days prior to that employee beginning work on any project affected by these policies.

    b.  The policies will include the following:

        i.   LIVE NATION will not produce or promote any event in California which it knows or believes violates federal or California disability accessibility laws, after affirmatively inquiring as to accessibility compliance at each venue.

        ii.  LIVE NATION will make the accessible seats which it has for sale available through its ticket sales website, and by telephone, in a manner equivalent to the sale of non-accessible seats, so that any such accessible seats can be purchased immediately on-line where available or through a call back or e-mail

exchange with a ticketing agent, at the customer's election. LIVE NATION will provide disability access training to its ticket sales personnel who have responsibility for sales and supervision of accessibility seating.

iii. At events produced by LIVE NATION in California, LIVE NATION will provide accessible seating in a range of seating types and locations, with comparable lines of sight for viewing performances consistent with the provisions of ICC/ANSI A117.1 and ADAAG, unless alternative equivalent facilitation is permissible.

iv. LIVE NATION will use its commercially reasonable efforts to incorporate disabled access policies into the contracts of each contractor and subcontractor it employs whose scope of work entails practices or affects accessibility for mobility-impaired customers and require each contractor and subcontractor to do the same. Defendant will make reasonable accommodations for the special needs of physically disabled persons attending events which it produces.

c. If Plaintiff or his counsel believes that LIVE NATION has not complied with the terms of this Settlement Agreement, Plaintiff's counsel will so inform LIVE NATION by providing a detailed, written explanation of the alleged non-compliance. Defendant shall have thirty (30) days to comply with the alleged non-compliance before Plaintiff may seek Court enforcement of the terms and conditions of this Settlement Agreement in the event the parties are unable to reach an agreement regarding any alleged violations of thereof. Notice to LIVE NATION shall be given to Richard Munisteri, at LIVE NATION, 9348 Civic Center Drive, Beverly

Hills, CA 90210; Tel: (310) 867-7000; richardmunisteri@livenation.com.

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:

9.     The parties have not reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses, and costs. The parties stipulate and request that the Court not dismiss the case because these issues remain unresolved, as well as issues of liability, injunctive relief, damages and attorney fees, litigation expenses and costs against BUSD, the owner of the subject facilities.

### ENTIRE AGREEMENT:

10.    This Settlement Agreement constitutes the entire agreement between the Plaintiff and LIVE NATION on the matters of injunctive relief.

### BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

11.    This Settlement Agreement shall be binding on the parties and all successors in interest. The parties have a duty to notify all such successors in interest of the existence and terms of this Settlement Agreement during the period of the Court's jurisdiction of this Settlement Agreement.

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:

12.    Each of the parties to this Settlement Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement, any or all of them will incur, suffer or experience some further loss or damage with respect to the Litigation which are unknown or unanticipated at the time this Settlement Agreement is signed. Except for the obligations required in this Settlement Agreement, the parties intend that this Settlement Agreement shall apply to all such

-5-

further loss with respect to the Litigation, except those caused by the parties subsequent to executing this Settlement Agreement. Therefore, except for the obligations required in this Settlement Agreement, this Settlement Agreement shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Settlement Agreement with respect to the Litigation, whether known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

13. Except for the obligations required in this Settlement Agreement and Plaintiff's claims for damages, attorney fees, litigation expenses, and costs, each of the parties to this Settlement Agreement, on behalf of themselves and their respective affiliates, agents, attorneys, employees, heirs, insurers, officers, parent companies, predecessors, successors, related entities, shareholders, members, spouses, domestic partners, partners and assigns, releases and forever discharges each other Party and all affiliates, agents, attorneys, employees, heirs, insurers, officers, parent companies, predecessors, successors, related entities, shareholders, members, spouses, domestic partners, partners and assigns of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Litigation

**TERM OF THE SETTLEMENT AGREEMENT:**

14. This Settlement Agreement shall be in full force and effect for

a period of thirty-six (36) months after the date of entry of this Settlement Agreement, or until the injunctive relief contemplated by this Settlement Agreement is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Settlement Agreement for thirty-six (36) months after the date of this Settlement Agreement.

**SEVERABILITY:**

15. If any term of this Settlement Agreement is determined by any court to be unenforceable, the other terms of this Settlement Agreement shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement. This Settlement Agreement may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: ᒧ\1\6     , 2010 _____
                         ARMANDO RODRIGUEZ

Dated: 7/16   , 2010  LIVE NATION WORLDWIDE, INC.

_____     By: Richard Munisteri
                                     Its: Vice President
                                     Associate General Counsel__

APPROVED AS TO FORM:

Dated: 7/16, 2010

PAUL L. REIN
CELIA McGUINNESS
LAW OFFICES OF PAUL L. REIN

By: _____
Attorneys for Plaintiff
ARMANDO RODRIGUEZ

Dated: 7/16, 2010

KATHLEEN FINNERTY, ESQ.
GREENBERG TRAURIG, LLP

Attorneys for Defendant
LIVE NATION WORLDWIDE, INC.

The Court has read and approved this Settlement Agreement. It is so ordered.

Dated: _____, 2010

_____
MARILYN HALL PATEL
United States District Judge

SAC 441,759,768v1 7-9-10                    -8-